Jerry Don King, pro se, Livingston, TX, for Plaintiff–Appellant.

Robert B. Maddox, Assistant Attorney General,Office of the Attorney General for the State of Texas, Austin, TX, for Defendants–Appellees.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Jerry Don King, Texas prisoner no. 596933, moves this court for the provision of transcripts at government expense and for a restraining order pending appeal. King's notice of appeal is effective only as to the denial of post-trial motions filed under FED. R. CIV. P. 60(b). King has shown no particularized need for transcripts at government expense because no reference to the transcripts is needed to determine that King does not advance any argument relative to the denial of those motions. *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.1985). The motion for transcripts is DENIED.

King's motion for a restraining order pending appeal is also DENIED. FED. R.APP. P. 8.

King has not timely appealed the dismissal of his underlying 42 U.S.C. § 1983 action, and he advances no argument relative to the denial of his post-trial motions. King's appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

ALL MOTIONS DENIED; APPEAL DISMISSED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Susana Clementina ESPINAL,
Defendant–Appellant.

No. 03–40319.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

---

James Lee Turner, Assistant US Attorney, David Hill Peck, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Rudy Xavier Rodriguez, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Susana Clementina Espinal appeals the sentence imposed following her guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Espinal argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Espinal acknowledges that her argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). She seeks to preserve her argument for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90,

120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.